COWEN et al. v. GRABOW.

(Circuit Court of Appeals, Sixth Circuit. February 3, 1903.)

No. 1,128.

1. RAILROADS—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.

Where plaintiff, struck by a train while driving over a railroad crossing in a town, testified that before driving on the crossing he stopped his team, and looked and listened, and that, while he could not see in the direction from which the train was coming because of obstructions, he heard nothing, and his testimony was corroborated by other witnesses and by testimony tending to show that the whistle was not blown nor the bell rung for the street crossing, the question of contributory negligence was properly submitted to the jury.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

The defendant in error, who was the plaintiff below, hereafter referred to as the "plaintiff," brought this action against John K. Cowen and Oscar G. Murray, receivers of the Baltimore & Ohio Railroad Company, hereafter called the "defendants," to recover damages for personal injuries he received in an accident at the village of Hamler, Ohio, about noon of April 16, 1898. The plaintiff, who had lived near Hamler for many years, and was perfectly familiar with the crossing where the accident occurred, had been at a blacksmith shop about 400 feet northeast of where the Baltimore & Ohio tracks cross east and west on Marion street, where he loaded a plow into his wagon, and drove his team directly to the crossing on a brisk walk. Immediately east of the Marion street crossing, where the accident occurred, was located a coal shed. East of the coal shed was a stock-chute; east of the stock-chute an elevator; and north of the east end of the elevator were two corncribs running parallel with the track, about 150 feet long. Between these corncribs and the place where the Detroit & Lima Northern Railroad crosses the Baltimore & Ohio Railroad at grade, 1,200 feet east of Marion street, were located three stave sheds. This crossing of the Baltimore & Ohio Railroad and the Detroit & Lima Northern Railroad, it was testified by the plaintiff's witnesses, was blocked by a Detroit & Lima Northern train at the time the plaintiff started from the blacksmith shop. At the time of the accident the plaintiff was standing in his wagon, driving his horses, and he testified that he looked both ways when he started south from the blacksmith shop, but that he could not see a train approaching from the east on account of the obstructions. When he got within a few feet of the side track, and beside the coal shed, he came to a full stop, and looked west, but his view was obstructed to the east. He listened, and, hearing no sound, drove onto the track, when a danger signal was blown from a freight train of about 50 cars, coming from the east, and only 250 feet from him. His horses were so frightened that they stopped and pranced on the track, and the plaintiff urged them with his lines. They started, and the wagon had nearly crossed the track when the engine struck in front of the rear wheel, and threw the plaintiff to the ground, causing the injuries for which recovery was had in the court below.

H. F. Burket, for plaintiffs in error.
Wm. P. Tyler, for defendant in error.

Before SEVERENS, Circuit Judge, and THOMPSON and WANTY, District Judges.

WANTY, District Judge, after making the foregoing statement of the case, delivered the opinion of the court.

The negligence imputed to the defendants was the failure to blow the whistle and ring the bell when approaching the crossing, where

the view from the highway was obstructed by the buildings and a number of freight cars which were scattered along the track as far as the Detroit & Lima Northern crossing. There was a sharp conflict in the .evidence regarding the giving of any signal by the defendants, and their negligence in that matter was found by the jury under proper instructions.

The only error urged in this court is the refusal of the trial judge to give a peremptory instruction for the jury to find a verdict for the defendants on account of the contributory negligence of the plaintiff. This could only have been done if, from the evidence, all reasonable men would have drawn the conclusion that the plaintiff did not exercise that degree of care which, under the circumstances, a prudent person should have exercised. The law in this class of cases is so well settled that a citation of authorities is unnecessary. Each case must be judged in the light of the circumstances surrounding it. The defendants urge that the plaintiff was negligent in failing to discover the approaching train before he arrived at the crossing. They claim he did not look, or, if he did look, as he testified he did, it was so negligently done that he failed to see the train, which must have been in sight for 200 feet before he got behind the coal shed, which hid it from his view. The plaintiff and some of his witnesses, on the other hand, testified that at the time the plaintiff started from the blacksmith shop the Baltimore & Ohio train was east of the Detroit & Lima Northern track, which they testified was blocked by a train, which, with the obstructions on the north side of the Baltimore & Ohio track, made it impossible for the plaintiff to see the train at any time while he was going from the blacksmith shop to the place where the accident occurred. Giving this testimony every inference which can be drawn from it in favor of the plaintiff, as must be done in determining whether the court would have been justified in directing a verdict, it cannot be said that all reasonable men would have come to the conclusion that the plaintiff was negligent in not seeing the approaching train. The crossing, by reason of the obstructions, was peculiarly dangerous; and it is urged that, if an approaching train from the east could not be seen, it was incumbent on the plaintiff to be more vigilant in an endeavor to ascertain its presence by the use of his hearing. This, he testified, he did, and he is corroborated by another witness, who was at the time walking on the sidewalk near the place of the accident. The plaintiff says that when he came to the crossing he stopped, and, not being able to see east, he listened, but could hear no sound of an approaching train. He also says that his horses always became frightened at the cars, and that while he was listening he watched them, and they showed no sign of fright, and, becoming satisfied of his safety, he drove onto the track. Under this testimony it seems to us that it was the duty of the trial judge to submit the question of the negligence of the plaintiff to the jury, which he did in a very comprehensive and clear charge, and the judgment is affirmed.